## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DEBRA E. PATTERSON,**    )
    )
    **Plaintiff,**    )
    )    **CASE NO.:**
**v.**    )
    )
**ASSOCIA,**    )
    )
    **Defendant.**    )
_____/

## NOTICE OF AND PETITION FOR REMOVAL

Defendant, ASSOCIA[1] ("Defendant" or "Associa"), by and through its undersigned attorneys, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 7.2 of the Local Rules of the United States District Court for the Northern District of Florida, and Title 28 of the United States Code §§ 1331, 1441, and 1446, hereby requests that this Court remove this action from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division, and states as follows:

1.    Plaintiff, DEBRA E. PATTERSON ("Plaintiff"), a former employee of Community Management Concepts of Jacksonville, Inc., which is a wholly owned

---

[1] Associa is not the proper defendant in this lawsuit.  Plaintiff's former employer was Community Management Concepts of Jacksonville, Inc., which is a wholly owned subsidiary of PMG Holdings, Inc., which in turn is a wholly owned subsidiary of Associations, Inc. d/b/a Associa.

1

subsidiary of PMG Holdings, Inc., which in turn is a wholly owned subsidiary of Associations, Inc. d/b/a Associa, brought this action in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, Case No. 2019-CA-002917 (the "Circuit Court Case"), alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501.201, *et seq.*, Florida Statutes.

2.      Defendant was served with Plaintiff's Complaint on or about March 6, 2020.

3.      This action is within the original federal question jurisdiction of the United States District Court, pursuant to 29 U.S.C. § 1331, as Plaintiff's Complaint contains claims alleging violations of a federal statute under the FLSA.  The United States District Court has supplemental jurisdiction over Plaintiff's FDUTPA claim pursuant to 28 U.S.C. § 1367.

4.      The United States District Court for the Northern District of Florida, Tallahassee Division, includes the judicial circuit in which Plaintiff filed her Complaint.  Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1446(a).

5.      This Notice of and Petition for Removal has been filed within 30 days of service upon Defendant on March 6, 2020.  A copy of the Complaint in the Circuit Court Case is attached hereto.  Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

6.     Copies of all processes, pleadings, orders and other papers or exhibits of every kind currently on file within the Circuit Court Case are attached to this Notice of and Petition for Removal as composite Exhibit "A," as required by 28 U.S.C. § 1446(a).

7.     Pursuant to 28 U.S.C. § 1446(d), Defendant has provided the Notice of and Petition for Removal to Plaintiff and has filed a copy of this Notice of and Petition for Removal in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.

WHEREFORE, Defendant, ASSOCIA, respectfully requests that the United States District Court for the Northern District of Florida, Tallahassee Division, accept the removal of this action and direct that the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, have no further jurisdiction of this action unless and until this action is remanded.

DATED this 6th day of April 2020.

Respectfully submitted,
JACKSON LEWIS PC
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone:  (904) 638-2655
Facsimile:  (904) 638-2656


By: */s/ Benjamin D. Sharkey*
Benjamin D. Sharkey
Florida Bar No. 389160
Benjamin.Sharkey@jacksonlewis.com
Brian L. Hayden
Florida Bar No. 58987
Brian.Hayden@jacksonlewis.com

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 6th day of April 2020, a true and correct copy of the foregoing pleading has been filed via CM/ECF and served via electronic mail to the following counsel of record:

Marie A. Mattox, Esq.
James Garrity, Esq.
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL  32303
(850) 383-4800 Telephone
(850) 383-4801 Facsimile
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com
jim@jimgarritylaw.com
wanda@mattoxlaw.com

*/s/Benjamin D. Sharkey*
Attorney

4

# EXHIBIT "A"

4847-7617-7337, v. 1

# Leon County Clerk of the Circuit Court and Comptroller
## Court Case Search

Full Case View ⓘ                                                     **Print Page**

| 37 2019 CA 002917 - PATTERSON, DEBRA E vs ASSOCIA |
| --- |

| Party Status | Party | Party Code | Attorney | Attorney Status |
| --- | --- | --- | --- | --- |
| | ASSOCIA , | DEFENDANT | PRO SE | ACTIVE |
| | PATTERSON, DEBRA E | PLAINTIFF | JAMES GARRITY | ACTIVE |
| | PATTERSON, DEBRA E | PLAINTIFF | MARIE A MATTOX | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
| --- | --- | --- | --- | --- | --- |
| OTHER DISCRIMINATION | OPEN | 12/15/2019 | | | COOPER |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | - | | | | | | | |

Top of Page

| Judges Appearing on Case | | | |
| --- | --- | --- | --- |
| Last Name | First Name | Date Assigned | Source |
| COOPER | JOHN | 12/17/2019 1:55:32 PM | BM |

Top of Page

| Viewable On Request Statuses |
| --- |

 

| Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order |
| --- |
| Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System |

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 12/15/2019 | 2 | CCS_ | ☐ «-Req $ | CIVIL COVER SHEET | | | BM |
| 12/15/2019 | 3 | COMP_CA_ | ☐ «-Req $ | COMPLAINT | | | BM |
| 12/15/2019 | 4 | SUIS_ | ☐ «-Req $ | SUMMONS ISSUED | | | BM |
| 12/17/2019 | 1 | a002 | | JUDGE COOPER, JOHN C: ASSIGNED | | | BM |
| 12/17/2019 | 5 | RECEIPT_ | ☐ «-Req $ | PAYMENT $410.00 RECEIPT #1481408 | | | BM |
| 1/4/2020 | 6 | NAPR_ | ☐ «-Req $ | NOTICE OF APPEARANCE FILED | | | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
| --- | --- | --- | --- | --- | --- | --- |

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
| --- | --- | --- | --- | --- |

| | Ordered Amt | Paid | | Balance | |
|---|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | | $0.00 |

Top of Page

| | Ordered Amt | Paid | Ar Plan Dismissed | Balance | Delinquent |
|---|---|---|---|---|---|

Top of Page

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

Case No.: <u>2019 CA 002917</u>
Judge: _____

<u>DEBRA E PATTERSON</u>
 Plaintiff
        vs.
<u>ASSOCIA</u>
Defendant

---

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
    ☒  Monetary;
    ☒  Non-monetary declaratory or injunctive relief;
    ☒  Punitive

IV. **NUMBER OF CAUSES OF ACTION: (      )**
(Specify)

    <u>1</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐  Yes
    ☒  No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒  No
    ☐  Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒  Yes
    ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Marie A Mattox</u>    FL Bar No.: <u>739685</u>
    Attorney or party                                (Bar number, if attorney)

<u>Marie A Mattox</u>    <u>12/15/2019</u>
    (Type or print name)                             Date

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY FLORIDA

**DEBRA E. PATTERSON,**

     **Plaintiff,**

**v.**                    **CASE NO.:**    2019 CA 002917

**ASSOCIA,**

     **Defendant.**

_____/

## **COMPLAINT**

Plaintiff, DEBRA E. PATTERSON, hereby sues Defendant, ASSOCIA, and alleges:

## **JURISDICTION**

This is an action brought under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), section 501.201, *et seq.,* Florida Statutes. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest, the jurisdictional amount required for this Court.

## THE PARTIES

1.   Plaintiff is a resident and citizen of Leon County, Florida and has been at all times relevant to this action.

2.   At all times pertinent hereto, Defendant owned and operated the corporation that is a Defendant in this action. Defendant maintained and maintains operations within this judicial circuit and it offers, among other things, property management services.   Defendant purports to offer, among other things, community association management services. According to its website as of the filing of this lawsuit, it is the "global leader" in homeowner and community association management. During Plaintiffs' employment  with Defendant,  Defendant was engaged in interstate commerce, and/or was employed in an enterprise engaged in commerce or in the production of goods for commerce operated by the Defendant within the meaning of 29 U.S.C. §203(s)(1)(A). At all times relevant hereto, Defendant was an employer of Plaintiff within the meaning of the laws sued hereunder. At all times relevant to this action, Defendant was an employer within the meaning of 29 U.S.C. §203(d), and employed the Plaintiff within the meaning of 29 U.S.C. §203(g).

2

Further, Defendant at all times relevant herein engaged in fraudulent and deceptive practices directed to Plaintiff in that it failed to pay Plaintiff wages for all hours worked and, sometimes but not always, offered compensatory time in lieu of overtime pay even though Defendant knew it is forbidden as a private-sector employer from offering "comp time" in lieu of overtime pay.  On one or more occasions agents of Defendant actively criticized Plaintiff for seeking to be paid for hours worked. Upon information and belief Plaintiff is not the only employee victimized by this wage fraud.  At all times pertinent hereto, Plaintiff has been a resident of the State of Florida and was employed by Defendant.  Plaintiff is a member of a protected class because she was entitled to wages for all hours worked and to overtime pay.

## CONDITIONS PRECEDENT

3.    To the extent there are any conditions precedent to bringing this action, Plaintiff has satisfied them.

## STATEMENT OF THE ULTIMATE FACTS

4.    Plaintiff was employed by Defendant in Tallahassee beginning in an administrative position. Her duties included accounts payable, accounts receivable, collections and related duties.  She was paid an hourly wage but worked off the clock

3

to complete duties and was told on multiple occasions that overtime was not authorized, even though she was openly and obviously working past her scheduled hours.  On some occasions Defendant's management spoke to Plaintiff of "comp time" and advised that she would be compensated through time off rather than through actual compensation for hours worked, including overtime pay for hours worked in excess of forty.  Defendant well knew that under the FLSA, and in particular section 7(o) of that act, that only public-sector employers are permitted to offer time off in lieu of overtime pay.  Notwithstanding its actual knowledge of this limitation, it insisted on offering "comp time" to Plaintiff and to other employees. Defendant's representations to Plaintiff and, upon information and belief, to others, about "comp time" were untrue, were made to misled Plaintiff and other employees, were made with the intention that Plaintiff and others rely on these false statements, and caused actual harm.  Defendant's actions pertinent to "comp time" were a custom and practice within Defendant, are a fraud, and were a deceptive and unfair trade practice that caused actual harm to Plaintiff and others.

5.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## RETALIATION

6.     Paragraphs 1-6 are re-alleged and incorporated herein by reference.

7.     Defendant is an employer as that term is used under the applicable statutes referenced above.

8.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff, including pay practices made unlawful by the laws asserted herein.

9.     The foregoing unlawful actions by Defendant were purposeful.

10.    Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.   The retaliation included being denied pay for hours worked.

11.    Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

5

12.   As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.   Plaintiff is entitled to injunctive relief.

## COUNT II
## UNFAIR & DECEPTIVE TRADE PRACTICES

13.   Paragraphs 1-6 are re-alleged and incorporated herein by reference.

14.   This is an action against Defendant for unfair and deceptive trade practices within the meaning of the law sued hereunder (FDUTPA). At all times pertinent hereto, Defendant has been subject to FDUPTA.

15.   Defendant has never been a public-sector employer within the meaning of the federal Fair Labor Standards Act.

16.   Defendant has never been lawfully allowed to offer or substitute compensatory time off ("comp time") in lieu of overtime pay.

17.   Defendant, despite its actual knowledge that it could neither lawfully offer Plaintiff, nor lawfully foist upon Plaintiff, comp time in lieu of overtime pay, nonetheless did so and, further, failed to pay Plaintiff for all hours worked and allowed Plaintiff to work off the clock because additional

hours were needed to properly complete the work notwithstanding Defendant's declared policy of forbidding overtime in most situations.

18.     Defendant's intentional violation of FDUPTA caused Plaintiff actual harm.   The illegal pay practices here are upon information and belief common to a substantial number of employees in multiple locations and states and all employees affected by such practices are entitled to relief an share commonalities in their claims.

19.     As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law.   Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is also entitled to injunctive/equitable relief.

## COUNT V
## VIOLATION OF FEDERAL WAGE AND OVERTIME LAW

20.     Paragraphs 1-6 are re-alleged and incorporated herein by reference.

21.     Defendant failed to pay Plaintiff at least the minimum federally-required minimum wage for every compensable hour of labor performed, and/or overtime for all hours worked over 40, in violation of the Fair Labor Standards Act (FLSA).

7

22.    These violations by Defendant were willful, intentional and systemic.

23.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction  over this case;

(b)    that this Court grant equitable relief against  Defendant  under  the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and  economic loss  to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)   grant such other further relief as being just and proper under the

circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so

triable.

DATED this 15th day of December 2019..

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 N. Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY FLORIDA**

**DEBRA E. PATTERSON,**

    **Plaintiff,**

v.                         **CASE NO.:   2019-CA**      2019 CA 002917

**ASSOCIA,**                                   **SUMMONS**

    **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **ASSOCIA**
    **C/O JOHN J. CARONA – CHAIRMAN AND CHIEF FINANCIAL OFFICER**
    **5401 N. CENTRAL EXPRESSWAY, SUITE 300**
    **DALLAS, TX 75205**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____12/17/2019_____, 2019.

                             CLERK OF THE CIRCUIT COURT

                             By:_____



# LEON COUNTY Receipt of Transaction
## Receipt #     1481408

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox
203 North Gadsden Street
Tallahassee, FL  32301

**On Behalf Of:**

On: 12/17/2019   1:55:36PM
Transaction # 100738731
Cashiered by: T BODIFORD

`

| CaseNumber   2019 CA 002917 |
|---|

**Judge   JOHN C COOPER**

**DEBRA E PATTERSON   VS   ASSOCIA**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 100329645 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | **Payments Total:** | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**DEBRA E. PATTERSON,**                     CASE NO.: 37-2019-002917
                                            FLA BAR NO.: 539211
      **Plaintiff,**

**v.**

**ASSOCIA, INC.,**

      **Defendant.**
_____

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

The undersigned, James Garrity, now appears as counsel of record for Plaintiff.   Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates his primary and secondary e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on him at the following Primary and Secondary e-mail addresses listed below. Where service of hard copies is to be made in addition to the e-mail service, counsel requests that the copies be served on him at the physical address listed below.

      Primary E-Mail Address:      jim@jimgarritylaw.com

      Secondary E-Mail Address:    Elizabeth@mattoxlaw.com
      (for scheduling matters)

Respectfully submitted

/s/    James Garrity
James Garrity (FBN: 539211)
MARIE A. MATTOX, P. A.
203 N. Gadsden Street
Tallahassee, FL    32301
Telephone:    (850) 383-4800
Jim@JimGarrityLaw.com
Wanda@MattoxLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via electronic mail on January 4, 2020.

/s/    Jim Garrity
Jim Garrity